UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHANE CAMERON PICKETT,

    Plaintiff,

v.

STATE OF WASHINGTON, et al.,

    Defendant.

CASE NO. 3:25-cv-05202-RSL-BAT

**REPORT AND RECOMMENDATION**

On March 12, 2025, Plaintiff, a detainee of the Washington Department of Corrections, filed an application to proceed *in forma pauperis* (IFP) and a 42 U.S.C. § 1983 complaint. Dkt. 1. Because Plaintiff's IFP application was deficient, the clerk sent Plaintiff notice on March 13, 2025 directing him to cure the IFP deficiency by April 14, 2025 or his case may be dismissed. Dkt. 2. As of this date, Plaintiff has not responded to the clerk's deficiency notice or filed any additional pleadings. The Court has reviewed Plaintiff's proposed complaint and the record and recommends for the reasons below the matter be DISMISSED without prejudice because (1) Plaintiff has failed to submit a sufficient IFP application and (2) his proposed complaint names Defendants who cannot be sued in a § 1983 action.

As an initial matter, the Court must screen complaints filed by detainees such as Plaintiff under 28 U.S.C. § 1915A(a), and should "dismiss the complaint, or any portion of the complaint,

REPORT AND RECOMMENDATION - 1

if it is: (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b); *accord* § 1915(e)(2); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

Plaintiff utilized a stock "Prisoner Civil Rights Complaint" form which is used to bring federal actions under 42 U.S.C. § 1983. To state a claim for relief under 42 U.S.C. § 1983, Plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

REPORT AND RECOMMENDATION - 2

Plaintiff's proposed civil rights complaint names as Defendants: (1) "State of Washington," (2) "Washington State Department of Corrections," and (3) "Washington State Correction Center Medical Department." Dkt. 1 at 3. Plaintiff alleges in Count I he was denied "withdrawals medications." *Id.* at 4-5. In Count II, he alleges the Washington Department of Corrections rules or policies regarding withdrawal medications led to withdrawal symptoms requiring emergency medical care. Plaintiff contends he was hospitalized "from medical negligence." *Id.* at 7.

Plaintiff names as Defendants the State of Washington and the Washington Department of Corrections and its Medical Department. Under the Eleventh Amendment to the Constitution of the United States, neither a state nor a state agency may be sued in federal court without its consent. *Pennhurst St. Sch. & Hosp.* 465 U.S. 89, 100 (1984); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). The State of Washington has not waived its Eleventh Amendment immunity. *See Quern v. Jordan*, 440 U.S. 332, 338, 344-45 (1979); *Whiteside v. State of Wash.*, 534 F. Supp. 774, 778 (E.D. Wash. 1982); RCW 4.92.010. The Washington Department of Corrections and its departments are arms of the state and are thus immune from suit. *Pena v. Gardner*, 976 F.2d 469, 472 (9th Cir.1992) (stating "the Eleventh Amendment will bar Pena from bringing his claims in federal court against the [Washington] state officials in their official capacities").

Plaintiff also mentions two prison corrections officers who directed Plaintiff to go to the infirmary and who also called for medical services. There are no facts alleging these officers violated Plaintiff's rights and he does not name them as Defendants. Plaintiff also mentions an unnamed nurse who indicated Plaintiff did not meet the criteria for withdrawal medications. Plaintiff does not name this individual as a Defendant. Further, the proposed complaint alleges

the Department of Corrections' policies were the reasons that Plaintiff was denied "withdrawal medications"; there is no allegation that Plaintiff was denied these medications by the unnamed nurse in violation of any policy or practice. The Court further notes that suits against a state official in their official capacity are treated as a suit against the State and thus also barred under the Eleventh Amendment. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Accordingly, the Court recommends this action be dismissed without prejudice because Plaintiff has failed to submit a sufficient IFP application and because Plaintiff's proposed complaint names Defendants who cannot be sued in a § 1983 action.

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Plaintiff should thus not file a notice of appeal in the Court of Appeals for the Ninth Circuit should until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **May 2, 2025**. The Clerk shall note the matter for **May 2, 2025**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 18th day of April, 2025.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4